# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NINGDE AMPEREX TECHNOLOGY LIMITED, § § § Plaintiff, § § v. § § ZHUHAI COSMX BATTERY CO., LTD., § § MAINLAND ZHUHAI GUANYU BATTERY § CO., LTD., § § Defendants. | Civil Action No.: 2:22-cv-232 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Ningde Amperex Technology Limited ("ATL" or "Plaintiff"), by and through its undersigned counsel, complains and alleges against Zhuhai CosMX Battery Co., Ltd. and Mainland Zhuhai Guanyu Battery Co., Ltd. (collectively, "CosMX" or "Defendants") as follows:

## NATURE OF THE ACTION

1. This is a civil action for infringement of U.S. Patent No. 10,971,706 (the "'706 patent") and U.S. Patent No. 11,329,352 (the "'352 Patent") (collectively, "the Asserted Patents") arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

## THE PARTIES

2. ATL is a Chinese corporation with its principal place of business at No.1 Xingang Road, Zhangwan Town, Jiaocheng District, Ningde City, Fujian Province, People's Republic of China.

3. With origins dating back to 1999, ATL is the world's leading producer and innovator of lithium-ion batteries. ATL is known worldwide for its high-tech, high-volume prowess in developing, producing, and packaging high quality rechargeable lithium-ion battery cells and packs.

4. ATL is now the world's leading lithium-ion battery manufacturer for smartphones and one of the major lithium-ion battery manufacturers for all consumer electronics. Over the past three years, ATL has manufactured over 1 billion lithium-ion batteries per year.

5. ATL has leveraged its investments in research and development into technological innovations in all aspects of battery technology, including materials, processes, structures, charging technologies, and system design. These efforts have yielded thousands of patents in the United States and around the world.

6. ATL's innovations are widely recognized across the world as evidenced by Strategy Analytics naming ATL one of the Top Smartphone Battery suppliers in 2020.

7. On information and belief, Zhuhai CosMX Battery Co., Ltd. (珠海冠宇电池股份有限公司) ("CosMX China") is a Chinese corporation with its principal place of business at No. 209, Zhufeng Road, Doumen District, Zhuhai 519180, People's Republic of China.

8. On information and belief, Mainland Zhuhai Guanyu Battery Co., Ltd. (大陸商珠海冠宇電池股份有限公司) ("CosMX Taiwan") is a Taiwanese corporation with its principal place of business at 2nd Floor, No. 23-1, International 1st Street, Beida Special Zone, Sanxia District, New Taipei City, Republic of China (Taiwan).

9. On information and belief, CosMX Taiwan is a wholly-owned subsidiary of CosMX China.

10. On information and belief, CosMX Taiwan provides sales and service support for US-based customers of CosMX.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(3) because CosMX is not a resident in the United States and thus may be sued in any judicial district.

13. This Court has personal jurisdiction over CosMX pursuant to the Constitution of the United States of America and/or the Texas Long Arm Statute because CosMX has committed acts of infringement in this District, directly and/or through intermediaries, by, among other things,

making, using, offering to sell, selling, and/or importing lithium-ion battery products and/or related services that infringe the Asserted Patents (the "Accused Products"), as alleged herein.

14. Upon information and belief, CosMX also regularly introduces the Accused Products into the stream of commerce through agents, customers, distributors, and intermediaries, knowing and intending that the Accused Products will ultimately be offered for sale and/or sold, or will be incorporated into other products that will ultimately be offered for sale and/or sold, to residents of the United States, including residents of this District, or such products that will be imported into the United States including into this District.

15. For example, according to CosMX, it is "one of worldwide major suppliers of consumer polymer soft pouch lithium-ion batteries." *See* Exhibit A[1]. CosMX touts that it "has long served [the] world's well-known customers in the field of notebook computers, tablet computers, smart phones, smart wearables, power tools, drones and others." *Id.* CosMX states that its "[b]attery products can be certified in different markets around the world according to customers' needs," and lists several marks indicating compliance with U.S. safety requirements, including a US UL mark. *Id.*

16. For example, according to CosMX, it maintains a "CosMX Sevice [sic] Footprint[]" in San Francisco. Upon information and belief, customers in this District may message the San Francisco service office with their company contact information, product requirements, and project technical specifications. *See* Exhibit B[2].

17. Upon information and belief, CosMX Taiwan provides sales and service support for US-based customers of CosMX.

18. Upon information and belief, CosMX recently applied for an Initial Public Offering on the Shanghai Stock Exchange STAR Market. In CosMX's IPO prospectus, CosMX claims that it "has successfully entered the supplier system of many world-renowned companies, and has

---

[1] About – CosMX, http://www.cosmx.com/html/en/html/about/about/ (last accessed May 12, 2022).

[2] Sevice Footprints – CosMX, http://www.cosmx.com/html/en/html/servicessupport/customersupport/network/ (last accessed May 12, 2022)

established long-term and stable cooperative relations with them." Exhibit C at 1-1-540 (original in Chinese). CosMX also states that "the company actively explored the downstream market and cooperated with notebook and tablet manufacturers such as HP, Lenovo, Dell, Asus, Acer, Microsoft, Amazon …." *Id.* In particular, CosMX identifies HP as a top-5 end-customer in both 2019 and 2020, with sales revenue at RMB 288,404,400 (US$ 42.5 Million) and RMB 723,704,100 (US$ 106.6 Million), respectively. *See id.* at 1-1-240. CosMX further identifies the US as one of the export regions for the company. *See id.* at 1-1-302. Upon information and belief, CosMX has used these statements about its products imported into and sold in the United States to raise approximately $490 million in capital in its initial public offering.

19. In August 2021, CosMX was sued by Maxell Holdings, Ltd. at the U.S. District Court for the Western District of Texas for alleged infringement of four U.S. Patents. *See id.* at 1-1-575.

20. Thus, upon information and belief, CosMX has knowingly and intentionally worked with various companies to design and supply lithium-ion batteries, including the Accused Products, specifically for use for each of its consumer electronics customers with the expectation that they would be incorporated into consumer electronics products intended for and sold to residents in the United States, including this District.

21. Upon information and belief, as part of this design and supply process, CosMX meets with, and directly ships sample lithium-ion battery cells, including Accused Products, to certain of its OEM customers, such as Dell (Round Rock, Texas) and HP (Springs, Texas), throughout Texas and this District. Upon further information and belief, CosMX also regularly sends battery cells to Texas Instruments in Dallas, Texas, for chemical and safety analysis and/or compatibility testing of certain Accused Products. Upon further information and belief, CosMX has sold, shipped, and/or provided lithium-ion battery products, including Accused Products, to BTI Solutions, Inc., in Richardson, Texas.

22. Upon information and belief, CosMX purposefully directed its activities at residents in this District by, for example, entering into agreements with Lenovo Inc. ("Lenovo"), to include CosMX lithium-ion batteries, including the Accused Products, within Lenovo's products. Upon

information and belief, CosMX entered into these agreements with the knowledge that such products containing the Accused Products would be imported into and sold in the United States, including this District.

23. For example, the Accused Product, identified as CosMX Cell No. CA3862E, was found in Lenovo Battery L20D4PC1 which was shipped to the United States in a Lenovo Legion 5 laptop. Upon information and belief, Lenovo Legion 5 laptops containing other Accused Products are sold and distributed in this District. Upon information and belief, CosMX intentionally entered into agreements with Lenovo with the knowledge that the Accused Products, including for example CosMX Cell No. CA3862E, would be sold to residents throughout the United States and including in this District through retailers such as Best Buy. *See, e.g.*, Exhibit D[3]

24. The identification of exemplary CosMX Cell No. CA3862E found in a Lenovo Legion 5 laptop is intended for illustration purposes and is not intended to limit the scope of ATL's infringement allegations. Upon information and belief, similar battery cells incorporating ATL's patented technology may be in laptop devices distributed in the United States by other OEMs. Upon additional information and belief, other CosMX battery cell model types incorporating ATL's patented technology may be found in other computing devices and may have different form factors, such as a lithium-ion secondary battery used in a smartphone, tablet, or other portable computing device. ATL anticipates that discovery in this action will be necessary to identify all Accused Products distributed in and to the United States and any remedy afforded should extend to all past, present, and future infringing products of CosMX regardless of model number or form factor.

25. Alternatively, as a foreign corporation, personal jurisdiction exists over CosMX at least by virtue of Federal Rule of Civil Procedure 4(k)(2) when taking into consideration all of CosMX's relevant contacts with the United States as a whole.

## ATL'S ASSERTED PATENTS

---

[3] Lenovo Legion 5 15" Gaming Laptop – Best Buy, https://www.bestbuy.com/site/lenovo-legion-5-15-gaming-laptop-amd-ryzen-7-5800h-nvidia-geforce-rtx-3050-ti-8gb-memory-512gb-ssd-phantom-blue/6455136.p?skuId=6455136 (last accessed May 12, 2022).

26. On April 6, 2021, the United States Patent Office issued U.S. Patent No. 10,971,706, titled "Electrode assembly." The '706 patent identifies Jing Jiang and Kefei Wang as the inventors. A true and correct copy of the '706 patent is attached hereto as Exhibit E.

27. The '706 patent is directed to an electrode assembly (*e.g.*, a lithium-ion battery) that is less susceptible to damage. As lithium-ion battery capacities have increased, this has led to an increase in the thickness of electrodes and a corresponding reduction in the thickness of the current collector and the aluminum plastic film around the electrode assembly. A thinner current collector is more prone to developing sharp edges that may puncture the aluminum plastic film. The '706 discloses a novel and non-obvious electrode assembly where a protective layer covers all or a portion of at least one edge of the cell body either within a foil region or on the outermost layer of the cell body.

28. On May 10, 2022, the United States Patent Office issued U.S. Patent No. 11,329,352, titled "Secondary battery cell and winding formation system thereof." The '352 Patent identifies Peipei Guo, Yi Zhao, Ping He, Hongxin Fang, and Wenqiang Cheng, as the inventors. A true and correct copy of the '352 Patent is attached hereto as Exhibit F.

29. The '352 Patent is directed to improving the safety performance, energy density, and manufacturing cost of a secondary battery (*e.g.*, a rechargeable lithium-ion battery). In the prior art, the purpose of improving energy density is achieved by configuring a groove on an electrode plate and welding an electrode tab in the groove. The prior art process may result in burrs formed on a current collector on the edge of the groove. If the electrode plate with burrs is directly manufactured into a cell without processing, then the burrs may pierce the separator and risk an internal short circuit, a fire disaster, or other severe potential safety hazards. In the prior art, a thick adhesive tape is stuck in the groove to prevent the burrs from piercing the separator. However, sticking an adhesive tape in the groove increases the thickness of the cell, thus causing loss to energy density. To solve the problems in the prior art, '352 patent provides a secondary battery that is less susceptible to internal short circuit while having improved energy density and safety performance.

30. ATL is the owner of all right, title, and interest in and to each of the Asserted Patents with full and exclusive right to bring suit to enforce the Asserted Patents, including the right to recover for past damages and/or royalties prior to the expiration of the Asserted Patents.

31. The Asserted Patents are valid and enforceable.

## COUNT I

### Infringement of the '706 Patent

32. ATL re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

33. ATL is the assignee of the '706 Patent. ATL has all substantial rights to enforce the '706 Patent, including the right to exclude others and to sue and recover damages for past and future infringement.

34. The '706 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

35. In violation of 35 U.S.C. § 271(a), CosMX has infringed and continues to infringe at least claim 1 of the '706 patent by, without authority, making, using, selling, offering for sale, and/or importing into the United States, including in Texas and this judicial district, the Accused Products. In addition, upon information and belief, CosMX or its agent manufactures the Accused Products outside of the United States but delivers the Accused Products to its customers, distributors, and/or subsidiaries in the United States. Upon information and belief, to the extent that CosMX delivers the Accused Products outside of the United States, CosMX does so with the intent and knowledge that the Accused Products are destined for the United States or are designed for products to be sold in the United States. CosMX has infringed literally and/or under the doctrine of equivalents.

36. CosMX has known of the '706 patent at least as early as June 24, 2021. On June 24, 2021, ATL sent CosMX written correspondence informing CosMX of its making, using, selling, or offering for sale products that infringed the '706 patent. Upon information and belief, CosMX's knowledge of the '706 patent occurred earlier than June 24, 2021.

37. Upon information and belief, under 35 U.S.C. § 271(b), CosMX has induced and continues to induce customers, distributors, and/or importers to use, import, purchase or sell the Accused Products that infringe at least claim 1 of the '706 patent. CosMX has had knowledge of the '706 patent since at least June 24, 2021, and since at least that date has knowingly induced third-parties to infringe the '706 patent. Upon information and belief, CosMX has with specific intent actively aided and abetted the infringement of the '706 patent by customers, distributors, and/or importers by, inter alia, entering into supplier agreements to include the Accused Products in CosMX's customers' products to be sold in the United States, promoting CosMX's customers' products sold in the United States, advertising these agreements to promote CosMX's initial public offering, creating established distribution channels for the Accused Products into the United States, manufacturing the Accused Products to conform with U.S. laws and regulations (*e.g.*, Underwriter Laboratories' standards), and/or establishing offices within the United States to provide technical and sales support.

38. Upon information and belief, under 35 U.S.C. § 271(c), CosMX has contributed and continues to contribute to the infringement of at least claim 1 of the '706 patent by making, using, selling, offering for sale, and/or importing into the United States components of infringing products that constitute a material part of at least claim 1 of the '706 patent. Since at least June 24, 2021, CosMX has engaged in these acts with knowledge of the patent and knowledge that the infringing products were especially made or adapted for use in the infringement of at least claim 1 of the '706 patent, and that the components had no substantial non-infringing uses. For example, upon information and belief, CosMX specifically designed the Accused Products for use in the infringement of at least claim 1 of the '706 patent and specifically designed the Accused Products not to have any substantial non-infringing uses.

39. Upon information and belief, since at least June 24, 2021, CosMX has had knowledge that it is directly and/or indirectly infringing at least claim 1 of the '706 patent and has not ceased its infringing conduct. CosMX's infringing conduct has and continues to be willful and deliberate misconduct beyond typical infringement such that ATL is entitled under 35 U.S.C. § 284 to enhanced damages up to three times the compensatory amount awarded.

40. A representative claim chart showing CosMX's infringement of the '706 Patent is attached hereto as Exhibit G.

41. CosMX is not licensed or otherwise authorized to practice the claims of the '706 patent.

42. By reason of CosMX's infringement, ATL has suffered substantial damages.

43. ATL is entitled to recover the damages sustained as a result of CosMX's wrongful acts in an amount subject to proof at trial.

44. ATL has given actual notice of infringement of the '706 patent to CosMX via electronic and overnight mail on June 21, 2022.

45. CosMX's infringement of the '706 patent is exceptional and entitles ATL to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II

## Infringement of the '352 Patent

46. ATL re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

47. ATL is the assignee of the '352 Patent. ATL has all substantial rights to enforce the '352 Patent, including the right to exclude others and to sue and recover damages for past and future infringement.

48. The '352 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

49. In violation of 35 U.S.C. § 271(a), CosMX has infringed and continues to infringe at least claim 1 of the '352 Patent by, without authority, making, using, selling, offering for sale, and/or importing into the United States, including in Texas and this judicial district, the Accused Products. In addition, upon information and belief, CosMX or its agent manufactures the Accused Products outside of the United States but delivers the Accused Products to its customers, distributors, and/or subsidiaries in the United States. Upon information and belief, to the extent that CosMX delivers the Accused Products outside of the United States, CosMX does so with the intent and knowledge that the Accused Products are destined for the United States or are designed for

products to be sold in the United States. CosMX has infringed literally and/or under the doctrine of equivalents.

50. CosMX has known of the '352 Patent at least as early as June 21, 2022.

51. Upon information and belief, under 35 U.S.C. § 271(b), CosMX has induced and continues to induce customers, distributors, and/or importers to use, import, purchase or sell the Accused Products that infringe at least claim 1 of the '352 Patent. CosMX has had knowledge of the '352 Patent since at least June 21, 2022, and since at least that date has knowingly induced third-parties to infringe the '352 Patent. Upon information and belief, CosMX has with specific intent actively aided and abetted the infringement of the '352 Patent by customers, distributors, and/or importers by, inter alia, entering into supplier agreements to include the Accused Products in CosMX's customers' products to be sold in the United States, promoting CosMX's customers' products sold in the United States, advertising these agreements to promote CosMX's initial public offering, creating established distribution channels for the Accused Products into the United States, manufacturing the Accused Products to conform with U.S. laws and regulations (*e.g.*, Underwriter Laboratories' standards), and/or establishing offices within the United States to provide technical and sales support.

52. Upon information and belief, under 35 U.S.C. § 271(c), CosMX has contributed and continues to contribute to the infringement of at least claim 1 of the '352 Patent by making, using, selling, offering for sale, and/or importing into the United States components of infringing products that constitute a material part of at least claim 1 of the '352 Patent. Since at least June 21, 2022, CosMX has engaged in these acts with knowledge of the patent and knowledge that the infringing products were especially made or adapted for use in the infringement of at least claim 1 of the '352 Patent, and that the components had no substantial non-infringing uses. For example, upon information and belief, CosMX specifically designed the Accused Products for use in the infringement of at least claim 1 of the '352 Patent and specifically designed the Accused Products not to have any substantial non-infringing uses.

53. Upon information and belief, since at least June 21, 2022, CosMX has had knowledge that it is directly and/or indirectly infringing at least claim 1 of the '352 Patent and has

not ceased its infringing conduct. CosMX's infringing conduct has and continues to be willful and deliberate misconduct beyond typical infringement such that ATL is entitled under 35 U.S.C. § 284 to enhanced damages up to three times the compensatory amount awarded.

54. A representative claim chart showing CosMX's infringement of the '352 Patent is attached hereto as Exhibit H.

55. CosMX is not licensed or otherwise authorized to practice the claims of the '352 Patent.

56. By reason of CosMX's infringement, ATL has suffered substantial damages.

57. ATL is entitled to recover the damages sustained as a result of CosMX's wrongful acts in an amount subject to proof at trial.

58. ATL has given actual notice of infringement of the '352 patent to CosMX via electronic and overnight mail on June 21, 2022

59. CosMX's infringement of the '352 Patent is exceptional and entitles ATL to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, ATL respectfully prays for the following relief:

(a) A judgment that CosMX has directly and/or indirectly infringed the Asserted Patents;

(b) A judgment that CosMX has willfully infringed the Asserted Patents;

(c) A permanent injunction enjoining CosMX, together with its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and those persons in active concert or participation with them, from directly and/or indirectly infringing the Asserted Patents;

(d) An award of damages adequate to compensate ATL for CosMX's infringement of the Asserted Patents pursuant to 35 U.S.C. § 284;

(e) An increase in the damages award up to three times the actual amount assessed,

pursuant to 35 U.S.C. § 284;

      (f)      That CosMX be ordered to pay to ATL pre-judgment and post-judgment interest;

      (g)      A determination that this action is exceptional pursuant to 35 U.S.C. § 285, and an award to ATL of its attorneys' fees, costs, and expenses incurred in connection with this action; and

      (h)      Such other relief as the Court deems just and equitable.

//

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues so triable.

DATED: June 24, 2022          Respectfully submitted,

                                          By:  */s/ Michael D. Powell*

Michael D. Powell
California Bar No. 202850
Sean Pak (*pro hac vice pending*)
California Bar No. 219032
QUINN EMANUEL URQUHART & SULLIVAN LLP
mikepowell@quinnemanuel.com
seanpak@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Lance Yang
California Bar No. 260705
QUINN EMANUEL URQUHART & SULLIVAN LLP
lanceyang@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Deron R. Dacus
Texas Bar No. 790553
THE DACUS FIRM, P.C.
ddacus@dacusfirm.com
821 ESE Loop 323
Suite 430
Tyler, Texas 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543

*Attorneys for Plaintiff Ningde Amperex Technology Limited*