-i-

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NINGDE AMPEREX TECHNOLOGY LIMITED, § § § | Case No. 2:22-cv-00232-JRG |
| Plaintiff, § § | |
| v. § | Honorable Judge Gilstrap |
| § § | |
| ZHUHAI COSMX BATTERY CO., LTD., § § | |
| Defendant. | |

**DEFENDANT ZHUHAI COSMX BATTERY CO. LTD.'S MOTION TO TRANSFER**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1
II. FACTUAL BACKGROUND .......................................................................................... 1
    A. The Asserted Patents and Accused Products ....................................................... 1
    B. CosMX Has No Connection to This District ....................................................... 2
    C. ATL Has No Connection to This District ............................................................ 2
    D. Third Party Evidence is Located Outside the Eastern District of Texas ............... 2
III. LEGAL STANDARD ..................................................................................................... 3
IV. ARGUMENT ................................................................................................................... 4
    A. ATL Could Have Brought This Action in NDCA ................................................ 4
    B. The Private Interest Factors Heavily Favor Transfer to NDCA ........................... 5
        1. Relative Ease of Access to Sources of Proof ............................................ 5
        2. Availability of Compulsory Process .......................................................... 6
        3. Cost of Attendance for Willing Witnesses ................................................ 7
        4. All Other Practical Problems ..................................................................... 8
    C. The Public Interest Factors Are Neutral ............................................................... 9
        1. Administrative Difficulties Flowing from Court Congestion .................... 9
        2. Local Interest in Having Localized Interests Decided at Home ............... 9
        3. Familiarity of the Forum with the Governing Law ................................... 9
        4. Avoidance of Unnecessary Conflicts of Law ............................................ 9
V. CONCLUSION .............................................................................................................. 10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*AGIS Software Dev. LLC v. Huawei Device USA Inc.*,
   No. 2:17-cv-513, 2018 WL 2329752 (E.D. Tex. May 22, 2018) ............................................5

*In re Apple Inc.*,
   979 F.3d 1332 (Fed. Cir. 2020)..................................................................................... 5, 7, 8

*Bluestone Innovations, LLC v. LG Elecs., Inc.*,
   940 F. Supp. 2d 310 (E.D. Va. 2013) ....................................................................................5

*C&J Rent Servs., Inc. v. LEAM Drilling Sys., LLC*,
   No. 2:19-cv-00079, 2019 WL 3017379 (E.D. Tex. July 10, 2019).........................................6

*Fourco Glass Co. v. Transmirra Prods. Corp.*,
   353 U.S. 222 (1957)...............................................................................................................3

*Frito-Lay N. Am., Inc. v. Medallion Foods, Inc.*,
   867 F. Supp. 2d 859 (E.D. Tex. 2012)...................................................................................7

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009)..................................................................................... 5, 7, 9

*Hoffman v. Blaski*,
   363 U.S. 335 (1960)...............................................................................................................4

*In re Horseshoe Ent't*,
   337 F.3d 429 (5th Cir. 2003) .................................................................................................8

*Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*,
   321 F.2d 53 (5th Cir. 1963) ...................................................................................................3

*Japan Display Inc., v. Tianma Microelectronics Co., Ltd.*,
   No. 2:20-cv-00283-JRG, slip. op. (E.D. Tex. Aug. 25, 2021)................................................8

*Neil Bros. Ltd. v. World Wide Lines, Inc.*,
   425 F. Supp. 2d 325 (E.D.N.Y. 2006) ...................................................................................7

*In re Nintendo Co., Ltd.*,
   589 F.3d 1194 (Fed. Cir. 2009)..........................................................................................3, 7

*Peteet v. Dow. Chem. Co.*,
   868 F.2d 1428 (5th Cir. 1989) ...............................................................................................8

*Piper Aircraft Co. v. Reyno*,
   454 U.S. 235 (1981) .................................................................................................... 4

*Quest NetTech Corp. v. Apple, Inc.*,
   No. 2:19-CV-118, 2019 WL 6344267 (E.D. Tex. Nov. 27, 2019) ............................... 8

*State Street Capital Corp. v. Dente*,
   855 F. Supp 192 (S.D. Tex. 1994) ............................................................................... 7

*Super Interconnect Techs. v. Google LLC*,
   No. 6:21-cv-00259-ADA, slip op. (W.D. Tex. Nov. 8, 2021) ..................................... 7

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   137 S. Ct. 1514 (2017) ................................................................................................. 3

*In re TS Tech United States Corp.*,
   551 F.3d 1315 (Fed. Cir. 2008) .................................................................................... 9

*Uniloc USA Inc. v. LG Elecs. USA*,
   No. 4:17-CV-0825-O, 2018 WL 3419175 (N.D. Tex. May 14, 2018) ........................ 5

*Utterback v. Trustmark Nat'l Bank*,
   716 F. App'x 241 (5th Cir. 2017) ................................................................................. 5

*In re Vistaprint Ltd.*,
   628 F.3d 1342 (Fed. Cir. 2010) .................................................................................... 8

*In re Volkswagen AG*,
   371 F.3d 201 (5th Cir. 2004) ........................................................................... 3, 4, 7, 9

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) ........................................................................... 4, 5, 6, 9

**Rules and Statutes**

28 U.S.C. § 1391(c)(3) ......................................................................................................... 4

28 U.S.C. § 1400(b) (2012) ................................................................................................. 3

28 U.S.C. § 1404(a) ............................................................................................................. 3

Fed. R. Civ. P. 45(c)(1)(A) .................................................................................................. 6

Fed. R. Civ. P. 45(c)(1)(B) .................................................................................................. 6

## I.  INTRODUCTION

Neither party to this action have any ties to the Eastern District of Texas ("EDTX"). Defendant Zhuhai CosMX Battery Co. Ltd. ("CosMX") is a Chinese company with no offices in EDTX. Plaintiff Ningde Amperex Technology Ltd. ("ATL") similarly has no presence in EDTX. Likewise, none of the third parties relevant to this case have relevant connections to EDTX. In another patent case, ATL argued last year that Texas was not a convenient forum. By contrast, CosMX maintains a service office in the Northern District of California ("NDCA") and relevant third party witnesses are located in that district. Accordingly, NDCA is clearly the more convenient forum and CosMX respectfully requests transfer to NDCA.

## II.  FACTUAL BACKGROUND

### A.  The Asserted Patents and Accused Products

ATL asserts U.S. Patent No. 10,971,706 (the "'706 patent"), U.S. Patent No. 11,329,352 (the "'352 Patent"), U.S. Patent No. 10,833,363 (the "'363 Patent"), and U.S. Patent No. 10,964,987 (the "'987 Patent") (collectively, "the Asserted Patents").[1] The Asserted Patents claim subject matter related to secondary batteries (e.g., rechargeable batteries such as lithium-ion batteries). Specifically, the '706 Patent is directed to an electrode assembly and the '352 Patent is directed to a secondary battery cell. Dkt. 1-5; Dkt. 1-6.

ATL alleges that CosMX lithium ion battery products (collectively the "Accused Products") infringe the Asserted Patents. Dkt. 1 ¶ 13.

---

[1] The '363 and '987 Patents are at issue in a declaratory judgement action pending in the Northern District of California. *Zhuhai CosMX Battery Co. Ltd. v. Ningde Amperex Technology Ltd.*, No. 3:22-cv-04510-SVK (N.D. Cal.).

### B. CosMX Has No Connection to This District

CosMX is a Chinese corporation and supplier of lithium ion batteries that are incorporated into electronic devices sold world-wide, including mobile phones and laptops. Declaration of Jun Qu ("Qu Declaration"), Ex. A, ¶ 4. Its principal place of business is in China. *Id*. CosMX's engineers based in China design and develop the Accused Products. *Id*., ¶ 5. CosMX manufactures the Accused Products across factories in China. *Id*. CosMX's employees responsible for marketing and selling the Accused Products are also based in China and CosMX maintains relevant documents relating to the Accused Products in China. *Id*., ¶ 6.

CosMX has no offices or employees in Texas. *Id*., ¶ 7. It does not maintain any technical or financial documents related to the Accused Products in Texas. *Id*. CosMX employs an agent in Sunnyvale, CA to support its US-based customers. *Id*., ¶ 8.

### C. ATL Has No Connection to This District

ATL is a Chinese corporation. Dkt. 1 ¶ 2. "ATL is not incorporated or registered to do business in Texas, has no office or employees in Texas, does not own or lease any real property in Texas, does not maintain bank accounts in Texas, and does not pay taxes in Texas." Ex. B at 8. It also does not specifically target any of its products to residents of Texas. *Id*. at 8–11. Thus, by ATL's own admission, it has no ties to Texas, much less to EDTX specifically.

Just last year, ATL requested a transfer of venue out of Texas based on convenience. Ex. B (alternate motion to transfer patent infringement case from WDTX to NJ). In support, ATL stated that it did not have witnesses or documents in Texas necessary to the dispute. *Id.* at 19.

### D. Third Party Evidence is Located Outside the Eastern District of Texas

One of CosMX's customers is Apple Inc., located in Cupertino, CA within NDCA. Qu Declaration, ¶ 8. CosMX expects relevant documentary evidence and witnesses to be located with Apple. *Id*. For example, CosMX does not maintain records showing the number of Accused

Products imported into the United States, critical evidence for determining damages in this case. *Id.*, ¶ 7. This information must be obtained from CosMX's customers, such as Apple. *Id*.

Other purported CosMX customers identified by ATL are also located outside of EDTX. For example, ATL identifies Dell, HP, and Texas Instruments as CosMX "OEM customers" in its Amended Complaint. Dkt. 8, ¶ 17. Each of these companies is located outside of EDTX, specifically, Dell is located in the Western District of Texas (Round Rock, TX), HP in the Southern District of Texas (Spring, TX), and Texas Instruments in the Northern District of Texas (Richardson, TX).

### III.  LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A district court's analysis of whether to transfer a case involves a two-step inquiry.

The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b) (2012); *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017) ("§ 1400(b) 'is the sole and exclusive provision controlling venue in patent infringement actions.'" (quoting *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957))). For purposes of § 1400(b), a domestic corporation resides only in its state of incorporation. *TC Heartland*, 137 S. Ct. at 1521.

Next, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009). The private factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen I*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public factors are (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id*. These factors are to be decided based on "the situation which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960). Though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314–15 (5th Cir. 2008) ("*Volkswagen II*").

IV.   **ARGUMENT**

The Court should transfer this case from EDTX to NDCA because venue is proper in NDCA, NDCA is clearly more convenient, and the public and private factors favor transfer.

    A.    **ATL Could Have Brought This Action in NDCA**

Because CosMX is a foreign company, ATL could have brought this action in any district court, including the Northern District of California. 28 U.S.C. § 1391(c)(3) ("a defendant not resident in the United States may be sued in any judicial district"); Qu Declaration, ¶ 4. Additionally, CosMX employs an agent in NDCA, specifically in Sunnyvale, CA. *Id*., ¶ 8. Accordingly, there can be no credible dispute that this case could have been brought in NDCA.

### B.        The Private Interest Factors Heavily Favor Transfer to NDCA

The private interest factors heavily favor transfer to NDCA because neither party has sources of proof in EDTX, relevant third parties have sources of proof in NDCA, and NDCA is more convenient for both willing and third-party witnesses.

#### 1.        Relative Ease of Access to Sources of Proof

This factor, ease of access to sources of proof, considers "documents and physical evidence" as opposed to witnesses. *See Volkswagen II*, 545 F.3d at 315; *In re Apple Inc.*, 979 F.3d 1332, 1339–40 (Fed. Cir. 2020). The Fifth and Federal Circuits have stressed that the physical location of such sources of proof remains relevant notwithstanding technological advances in data storage, copying, and transmission. *See Volkswagen II*, 545 F.3d at 316; *In re Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009). However, parties must specifically identify sources of proof, explain their relevance, and specifically identify the location of those sources. *AGIS Software Dev. LLC v. Huawei Device USA Inc.*, No. 2:17-cv-513, 2018 WL 2329752, at *5 (E.D. Tex. May 22, 2018); *Utterback v. Trustmark Nat'l Bank*, 716 F. App'x 241, 245 n.10 (5th Cir. 2017) ("Additionally, Utterback fails to identify with any specificity *which* witnesses and *what* evidence would be inaccessible in Mississippi but readily available in Florida. Without more, we cannot credit such vague and conclusional assertions." (emphasis in original)).

The Accused Products are designed and manufactured in China. Qu Declaration, ¶ 5. CosMX does not maintain any documents in Texas, nor does it have any relevant witnesses in Texas. *Id.*, ¶ 7. All of the technical and financial information related to the Accused Products in CosMX's possession are located in China. *Id.*, ¶ 6. China is closer to NDCA than EDTX, making transfer to NDCA appropriate. *See, e.g.*, *Bluestone Innovations, LLC v. LG Elecs., Inc.*, 940 F. Supp. 2d 310, 316 (E.D. Va. 2013) (finding ease of access to sources of proof weighed in favor of transfer in part because defendants "assert that all the technical information about their allegedly

- 5 -

infringing monitors and televisions is located in [] Asian offices or in the Northern District of California."); *Uniloc USA Inc. v. LG Elecs. USA*, No. 4:17-CV-0825-O, 2018 WL 3419175, at *4 (N.D. Tex. May 14, 2018) ("This factor [] weighs in favor of transfer. No document or piece of evidence resides in [this district].").

The same is true for ATL. It has no witnesses or documents in Texas. Ex. B at 19. However, one of CosMX's indirect customers in the United States is Apple Inc. and is located in NDCA. Qu Declaration, ¶ 8. Documents relevant to this action will be located with Apple, such as records related to the number of Accused Products imported into the United States. *Id*. In fact, in other cases, ATL has asserted that Texas is not a convenient venue. Ex. B at 19.

Therefore, this factor favors transfer because while no documentary evidence resides in EDTX, it does reside in NDCA.

### 2. Availability of Compulsory Process

The second private factor considered is the availability of compulsory process to secure the attendance of witnesses. *Volkswagen II*, 545 F.3d at 316. Federal district courts can compel attendance of a trial, hearing, or deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person" and trial subpoena power over a person "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is a party or a party's officer; or . . . [if the person] is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A) and (B). Because a party witness almost invariably willingly attends trial, "[t]his factor is directed towards ***unwilling*** third-party witnesses." *C&J Rent Servs., Inc. v. LEAM Drilling Sys., LLC*, No. 2:19-cv-00079, 2019 WL 3017379, at *3 (E.D. Tex. July 10, 2019) (emphasis added).

ATL has not identified any third parties with relevant knowledge residing within 100 miles of EDTX. Additionally, ATL has represented to another court that ATL does not have any

witnesses in Texas. Ex. B at 19. In contrast, CosMX has identified its indirect customer, Apple, and its employees in NDCA with information relevant to the Accused Products in this action. Qu Declaration, ¶ 8.

Because there are third-party witnesses located in NDCA and none in EDTX, this factor favors transfer.

### 3. Cost of Attendance for Willing Witnesses

The cost of attendance for willing witnesses factor has been described as the most important factor. *See Genentech*, 566 F.3d at 1343 (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 329 (E.D.N.Y. 2006)). Courts properly give more weight to the convenience of non-party witnesses than to party witnesses. *See Frito-Lay N. Am., Inc. v. Medallion Foods, Inc.*, 867 F. Supp. 2d 859, 870–71 (E.D. Tex. 2012); *State Street Capital Corp. v. Dente*, 855 F. Supp 192, 198 (S.D. Tex. 1994). However, the "convenience-to-the-witnesses factor is not attenuated at all when the witnesses are employees of the party calling them." *See Super Interconnect Techs. v. Google LLC*, No. 6:21-cv-00259-ADA, slip op. at 6 (W.D. Tex. Nov. 8, 2021). The Federal Circuit has consistently found that this factor favors transfer when traveling to Texas adds significant distance, time, and expense for domestic and foreign witnesses alike. *See Nintendo*, 589 F.3d 1194 at 1199 (cost of attendance factor clearly favored transfer from EDTX to the Western District of Washington because four Japanese witnesses would "each have to travel an additional 1,756 miles or 7 hours" to Texas and six domestic witnesses would have to travel on average 700 miles more to Texas than to Washington). Additionally, the Fifth Circuit recognizes the "100-mile rule": when the distance between the transferor and proposed transferee venues exceeds 100 miles, "the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 201; *Genentech*, 566 F.3d at 1343; *Apple*, 979 F.3d at 1341.

The distance between San Francisco in NDCA and Marshall is over 100-miles. *See* Ex. C. Both ATL and CosMX are headquartered in China. *See* Dkt. 1 ¶ 2; Qu Declaration, ¶ 4. While witness will have to travel a great distance from China to either San Francisco or Marshall, it is easier to travel from China to San Francisco than from China to Marshall. Willing witnesses can fly directly to San Francisco instead of having to fly to Dallas/Fort Worth International Airport and then drive over 170 miles to Marshall.

Because most willing witnesses will be traveling from China, this factor weighs in favor of transfer.

### 4. All Other Practical Problems

The other practical problems factor includes concerns rationally based on judicial economy. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-CV-118, 2019 WL 6344267, at *6 (E.D. Tex. Nov. 27, 2019); *see also In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010). The Asserted Patents have never been litigated, thus neither EDTX nor NDCA have prior experience with the Asserted Patents or the Accused Products. Further, CosMX is filing this motion while the action is still in its early stages and EDTX has not decided any substantive issues in the case. *See Peteet v. Dow. Chem. Co.*, 868 F.2d 1428, 1346 (5th Cir. 1989) ("Parties seeking a change of venue should act with 'reasonable promptness.'"). This Court should decide this motion prior to considering the merits of ATL's allegations. *See Japan Display Inc., v. Tianma Microelectronics Co., Ltd.*, No. 2:20-cv-00283-JRG, slip. op. at 13 (E.D. Tex. Aug. 25, 2021) (citing *Apple*, 979 F.3d at 1338, 1343; *In re Horseshoe Ent't*, 337 F.3d 429, 433 (5th Cir. 2003)). Therefore, the judicial economy factor is neutral.

### C. The Public Interest Factors Are Neutral

The public interest factors are neutral because both NDCA and EDTX have significant experience with patent law issues. Additionally, while EDTX is likely try the case quicker than NDCA, the local interest in NDCA outweighs any speed advantage of keeping the case in EDTX.

#### 1. Administrative Difficulties Flowing from Court Congestion

"To the extent that court congestion is relevant, the speed with which a case can come to trial and be resolved may be a factor." *Genentech*, 566 F.3d at 1347. In the last ten years, the median time to a jury trial in EDTX and NDCA is 21 months and 26.5 months, respectively. While EDTX is, on average, faster to get a case to trial, the difference is a mere 5 months on average. Thus, this factor only slightly favors transfer.

#### 2. Local Interest in Having Localized Interests Decided at Home

"[J]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206. When, as here, Accused Products are incorporated into products "sold throughout the United States, the citizens of the Eastern District of Texas have no more or less of a meaningful connection to this case than any other venue." *In re TS Tech United States Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008) (citing *Volkswagen II*, 545 F.3d at 318). Therefore, this factor is neutral.

#### 3. Familiarity of the Forum with the Governing Law

Both NDCA and EDTX have local patent rules and significant experience with patent litigation. Therefore, this factor is neutral.

#### 4. Avoidance of Unnecessary Conflicts of Law

There are not conflict of law issues in this case. Thus, this factor is neutral.

## V. **CONCLUSION**

For the reasons discussed above, CosMX respectfully requests that the Court transfer this case to NDCA.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: October 5, 2022 | */s/ Charles B. Walker, Jr.*<br>Charles B. Walker, Jr.<br>Texas Bar No. 00794808<br>Jaime Stark<br>Texas Bar No. 24101163<br>NORTON ROSE FULBRIGHT US LLP<br>Fulbright Tower<br>1301 McKinney, Suite 5100<br>Houston, Texas 77010-3095<br>Tel: 713-651-5203<br>Fax: 713-651-5246<br>Email: charles.walker@nortonrosefulbright.com<br>Email: jaime.stark@nortonrosefulbright.com<br><br>Valerie K. Barker<br>Texas Bar No. 24087141<br>NORTON ROSE FULBRIGHT US LLP<br>98 San Jacinto Boulevard, Suite 1100<br>Austin, Texas 78701-4255<br>Tel: 512-536-3073<br>Fax: 512-536-4598<br>Email: valerie.barker@nortonrosefulbright.com<br><br>*Counsel for Defendants ZHUHAI COSMX BATTERY CO. LTD.* |

## CERTIFICATE OF SERVICE

I certify that on October 5, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/   Charles B. Walker, Jr.*
Charles B. Walker, Jr.

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Zhuhai CosMX Battery Co., Ltd. and Ningde Amperex Technology Ltd. complied with the meet and confer requirement specified in E.D. Tex. Local Rule CV-7(h) on October 4, 2022. The motion is opposed.

*/s/   Charles B. Walker, Jr.*
Charles B. Walker, Jr.