# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NINGDE AMPEREX TECHNOLOGY LIMITED, § § § *Plaintiff*, § § v. § ZHUHAI COSMX BATTERY CO., LTD., § § *Defendant*. § | CIVIL ACTION NO. 2:22-CV-00232-JRG |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Ningde Amperex Technology Limited's ("ATL") Motion to Dismiss Zhuhai CosMX Battery Co., Ltd.'s ("CosMX") Counterclaim Counts Nine to Thirteen (the "Motion"). (Dkt. No. 63.) In the Motion, ATL seeks dismissal of CosMX's antitrust claims (Counts Nine and Ten) and CosMX's claims for unfair competition and attempted extortion under California and Texas law (Counts Eleven, Twelve, and Thirteen). (*Id.* at 21.)[1] Having considered the Motion, the relevant briefing, and the applicable law, the Court finds that the Motion should be and hereby is **GRANTED-IN-PART** as to CosMX's Count Twelve, which the Court **DISMISSES WITHOUT PREJUDICE**. The balance of the Motion is **DENIED**.

## I. BACKGROUND

ATL filed its original complaint against CosMX on June 24, 2022 alleging infringement of U.S. Patent Nos. 10,971,706 and 11,329,352. (Dkt. No. 1.) On August 4, 2022, ATL filed its First Amended Complaint ("FAC") adding allegations of infringement of U.S. Patent Nos. 10,833,363 and 10,964,987. (Dkt. No. 8.) CosMX filed an answer to the FAC on October 19,

---

[1] CosMX's counterclaim counts Nine through Thirteen, which ATL requests the Court to dismiss in its Motion, correspond to counts Seven through Eleven of CosMX's Third Amended Answer. (*See* Dkt. No. 123 at ¶¶ 69–96.)

2022 and an amended answer on November 4, 2022. (Dkt. Nos. 21, 41.) CosMX's amended answer included the following counterclaims:

- Count Nine – Sherman Act Section 2 – Attempted Monopolization;
- Count Ten – Sherman Act Section 2 – Solicitation of Conspiracy to Monopolize;
- Count Eleven – Violation of California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200);
- Count Twelve – Attempted Extortion under Texas Theft Liability Act; and
- Count Thirteen – Attempted Civil Extortion under California Law.

(Dkt. No. 41 at ¶¶78–105.) ATL filed its Motion on December 27, 2022 to dismiss these counterclaims. (Dkt. No. 63.)

On May 30, 2023, the deadline to file amended pleadings, CosMX filed its second amended answer and counterclaims, (Dkt. No. 94), and ATL filed its Second Amended Complaint. (Dkt. No. 95.) The parties filed a joint notice on June 9, 2023 representing that ATL's Motion was not affected by CosMX's second amended answer and counterclaims. (Dkt. No. 98.)

ATL is a Chinese corporation with its principal place of business in Ningde City, China. (Dkt. No. 95 at ¶ 2.) CosMX is a Chinese corporation with its principal place of business in Zhuhai, China. (Dkt. No. 95-1 at 2.) ATL claims that ATL and CosMX only make and supply lithium-ion battery cells to battery pack manufacturers outside the United States, who in turn provide battery packs to intermediaries, and then other parties eventually sell end-user devices such as smartphones and laptops. (Dkt. No. 63 at 1.) ATL asserts that the conduct complained of by CosMX (i.e., ATL asking CosMX in meetings occurring entirely in China to take a license for the asserted patents and pay license fees, and an allegedly proposed one-way no-poach agreement for CosMX not to hire ATL employees) cannot form the basis for liability under § 2 of the Sherman Act or CosMX's state law claims. (*Id.* at 1–2.)

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The plaintiff need not "prove its case at the pleading stage," nor do the "Federal Rules of Civil Procedure . . . require a plaintiff to plead facts establishing that each element of an asserted claim is met." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331, 1335 (Fed. Cir. 2012). Instead, the complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests.  *Twombly*, 550 U.S. at 545.

A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).  However, the court need not accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.  To be legally sufficient, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 255–57.  If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## III.   ANALYSIS

ATL moves to dismiss CosMX's Counterclaim Counts Nine through Thirteen on a number of grounds: (1) the Foreign Trade Antitrust Improvement Act (FTAIA) disqualifies Counterclaim Counts Nine and Ten for lack of subject matter jurisdiction; (2) the *Noerr-Pennington* Doctrine bars CosMX's attempted monopolization claim (Count Nine); (3) CosMX fails to state a claim for

3

conspiracy to monopolize (Count Ten); and (4) CosMX, an employer, lacks antitrust standing for a supposedly unconsummated "no-poach" conspiracy (Count Ten); and (5) the state law counterclaims (Counts Eleven to Thirteen) fail to state a legally recognized claim and are barred by litigation privilege. The Court addresses these in turn.

### 1. FTAIA

To determine whether anticompetitive conduct is subject to Sherman Act liability, a court must first determine whether "that conduct falls within the FTAIA's general rule excluding the Sherman Act's application," i.e., does the "conduct involve[e] trade or commerce . . . with foreign nations." *F. Hoffman-La Roche Ltd. v. Empagran S.A.*, 542 U.S. 155, 158 (2004). Then, a court must determine whether "the conduct nonetheless falls within a domestic-injury exception to the general rule, an exception that applies (and makes the Sherman Act nonetheless applicable) where the conduct (1) has a "direct, substantial, and reasonably foreseeable effect" on domestic commerce, and (2) "such effect gives rise to a [Sherman Act] claim." *Id.* at 159 (quoting 15 U.S.C. §§ 6a(1)(A), (2)).

According to the Fifth Circuit, "[t]he FTAIA states that the antitrust laws will not apply to non-import commerce with foreign nations unless the conduct at issue has a 'direct, substantial, and reasonably foreseeable effect' on domestic commerce and 'such effect gives rise to a claim under' the antitrust laws." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 421–22 (5th Cir. 2001) (citing 15 U.S.C. § 6a). In addition, the "plain language of the FTAIA precludes subject matter jurisdiction over claims by foreign plaintiffs against defendants where the situs of the injury is overseas and that injury arises from effects in a non-domestic market." *Id.* at 428.

ATL argues that CosMX's claims deal with foreign parties engaged in foreign activities affecting foreign markets with no direct connection to the U.S. (Dkt. No. 63 at 7–11.) ATL dismisses CosMX's allegations that the relevant geographic markets in this case are "world-wide"

4

as conclusory and asserts that "the only locations to directly purchase laptop and smartphone battery cells are in Asia." (*Id.* at 11.)

The Court disagrees. CosMX has alleged that ATL is the dominant manufacturer in the smartphone and laptop lithium-ion battery markets, having a 60–70% and 35% market share in smartphone and laptop lithium-ion battery markets, respectively. (Dkt. No. 72 at 9–10.) The world-wide market necessarily includes the United States, where ATL indicates specifically that it has "thousands of patents," indeed some of which ATL apparently asserts against CosMX in this very case. (*Id.* at 10.) Furthermore, as ATL appears to recognize, the incorporation of batteries into products eventually sold throughout the world, including the United States, can implicate import commerce. (*See* Dkt. No. 63 at 1.)

Additionally, CosMX alleges harm resulting from its exclusion from the Smartphone Battery Market, the Laptop Battery Market, and the Innovation Labor Market, which, as world-wide markets, necessarily include U.S. market. (Dkt. No. 72 at 11.) CosMX alleges that ATL's solicitation of an allegedly unlawful no-poach agreement targets lithium-ion batteries that are incorporated into products entering the United States, thereby implicating U.S. import commerce.

Accepting CosMX's well-pleaded allegations as true and viewing all facts in the light most favorable to CosMX, the Court concludes that the FTAIA does not bar CosMX's counterclaims.

### 2. Noerr-Pennington

*Noerr-Pennington* is an affirmative defense and thus inappropriate grounds for 12(b)(6) dismissal. "[A] request to resolve the applicability of *Noerr-Pennington* is more appropriately brought as a motion pursuant to Federal Rule of Civil Procedure 12(c) or as a Rule 56 motion for summary judgment." *Eon Corp. IP Holdings, LLC v. Landis+Gyr Inc.*, 2013 WL 12040726, at *5 (E.D. Tex. May 17, 2013). Given the intense factual findings required to assess the *Noerr-Pennington* doctrine and its exceptions, resolution at the 12(b)(6) stage is inappropriate. *See*

*Fisher v. Halliburton*, 667 F.3d 602, 609 (5th Cir. 2012) ("Unless the complaint itself establishes the applicability of a[n] [affirmative] defense . . . a defendant should ordinarily raise [the defense] in a Rule 12(c) motion for judgment on the pleadings or a Rule 56 motion for summary judgment.").

ATL argues that to maintain Counterclaim Count Nine, CosMX must allege that ATL's patent assertions are "objectively baseless," but CosMX never accuses ATL of such. (Dkt. No. 63 at 13.) CosMX responds that it is not alleging that ATL's patent infringement suit itself meets the *Noerr-Pennington* test, but rather that ATL's solicitation of a no-poach agreement is the anticompetitive act. (Dkt. No. 72 at 15.)

The Court finds that given the nature of the underlying factual findings required to assess the *Noerr-Pennington* issues, it would be premature for the Court to dismiss CosMX's Counterclaim Count Nine based on the *Noerr-Pennington* doctrine.

### 3. Conspiracy to Monopolize

ATL argues that CosMX's conspiracy (Count Ten) claim fails because Section 2 of the Sherman Act does not provide a cause of action for "solicitation" (i.e., an attempt) to participate in a monopoly, and because a conspiracy can exist only where parties reach an actual agreement. (Dkt. No. 63 at 14.)

As CosMX correctly notes, however, the Fifth Circuit has recognized solicitation claims under the Sherman Act. *United States v. American Airlines, Inc.*, 743 F.2d 1114, 1122 (5th Cir. 1984). "[A] highly verbal crime such as attempted monopolization may be established by proof of a solicitation along with the requisite intent." *Id.* at 1121.

The Fifth Circuit has specifically rejected the argument that ATL advances, and thus, it cannot be the basis for granting ATL's Motion as to CosMX's Count Ten.

6

### 4. CosMX's Standing to Allege a No-Poach Conspiracy

Next, ATL argues that Count Ten should also be dismissed for lack of antitrust standing because CosMX has not alleged an antitrust injury. (Dkt. No. 63 at 15–16.) CosMX responds that it has alleged an antitrust injury, including "threatened loss or damage by a violation under the antitrust laws" under Section 16 of the Clayton Act, and "an injury of the type the antitrust laws were designed to prevent" under Section 4. (Dkt. No. 72 at 19–20 (citing *Cargill, Inc. v. Monfort of Colorado, Inc.*, 479 U.S. 104, 113 (1986)).)

ATL acknowledges that one type of antitrust claimant is "a competing employer who[] is unable to obtain adequate labor for its business due to the dominant employer's anticompetitive activities." (Dkt. No. 63 at 16.) CosMX contends that it is a competitor in the market that it alleges ATL is attempting to monopolize, and that CosMX will suffer injury stemming from ATL's solicitation of the no-poach agreement. (Dkt. No. 72 at 21.)

As noted above, solicitation is a valid basis for liability under Sherman Act § 2. *American Airlines*, 743 F.2d at 1122. Taking CosMX's factual allegations as true, CosMX would have standing for its Counterclaim Count 10.

### 5. State Law Counterclaims

#### A. Claims under California Law

The parties do not dispute that California law applies to CosMX's unfair competition (Count Eleven) and attempted extortion (Count Thirteen) counterclaims. ATL argues that California's litigation privilege—Cal. Civ. Code § 47(b)—bars these claims because ATL's pre-litigation communications with CosMX in this regard have some relation to judicial proceedings, and thus are absolutely immune from tort liability. (Dkt. No. 63 at 18–21.) CosMX argues that California litigation privilege does not apply to ATL's conduct under California law. (Dkt. No. 72 at 24–27.)

Section 47(b) of the California Civil Code protects communications (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have connection or logical relation to the action." *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990). However, Section 47(b) is not without limit, and does not apply when the "borrowed" statute specifically forbids the alleged anticompetitive behavior such that the statute would be significantly or wholly inoperable if the privilege is applied. *People v. Persolve, LLC*, 218 Cal. App. 4th 1267, 1274–76 (Cal. Ct. App. 2013).

CosMX has alleged that ATL solicited a one-way no-hire agreement, which is treated as a *per se* violation under the Sherman Act. (Dkt. No. 72 at 26–27.) Here, the statute "borrowed" by California's unfair competition law specifically forbids the alleged anticompetitive behavior. Thus, taking CosMX's factual allegations as true, the California litigation privilege does not apply to the alleged communications or conduct by ATL, and CosMX has adequately plead its counterclaims for violation of California unfair competition law and attempted civil extortion.

### B. Claims under Texas Law

Finally, with respect to CosMX's extortion counterclaim based on Texas law (Count Twelve), ATL argues that Texas law does not recognize such a cause of action. (Dkt. No. 63 at 21.) ATL argues that the Texas Theft Liability Act ("TLA"), cited by CosMX, does not contain any reference to extortion. In response, CosMX asserts that the TLA provides a civil cause of action for previously-enumerated theft offenses under the Texas Penal Code, citing Texas Civil Practice & Remedies Code § 134.002. (Dkt. No. 72 at 28.) CosMX points to the TLA's recitation of theft of real or personal property under Texas Penal Code § 31.03, and Section 31.02's definition of theft as "theft, theft by false pretext . . . acquisition of property by threat . . . embezzlement, *extortion* . . . and receiving or concealing stolen property." (*Id.*)

The Court does not agree with CosMX that the TLA provides a cause of action for attempted civil extortion under the plain language of the statute. Indeed, the authorities indicate otherwise. *See, e.g.*, *Jackson v. Storts*, 2021 WL 342992, at *3 n.4 (Tex. App.—Houston [1st Dist.] Feb. 2, 2021) ("The court is unaware of any stand-alone claim for civil liability based on 'extortion'; however, to the extent Jackson was alleging some type of abuse of process, that claim would also require proof of damages."); *Sampson v. Texas Dept. of Public Safety*, 2013 WL 3488255, at *2 (Tex. App.—Beaumont Jul. 11, 2013) ("Because there is no cause of action for extortion, such claims are treated as claims for unlawful conversion, which is also an intentional tort for which immunity is not waived."). Faced with a total absence of facts in CosMX's Answer and Counterclaims to suggest that CosMX suffered an injury under the TLA, aside from extortion, the Court concludes that CosMX has failed to state a claim for any violation of the TLA.

The Court therefore finds that CosMX's counterclaim for attempted extortion under Texas law (Count Twelve) should be dismissed.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS-IN-PART** ATL's Motion ATL's Motion to Dismiss CosMX's Counterclaim Counts Nine to Thirteen (Dkt. No. 63) only as to CoxMX's counterclaim for attempted extortion under the Texas Theft Liability Act (Count Twelve).[2] CosMX's Count Twelve is **DISMISSED WITHOUT PREJUDICE**. However, if CosMX elects, the Court grants leave to CosMX to file an amended Answer within fourteen (14) days from the date of this Order setting forth allegations sufficient to state a plausible claim for relief based on the TLA. The Court **DENIES** the balance of the Motion.

---

[2] Corresponding to Count Ten in CosMX's Third Amended Answer filed July 13, 2023 (Dkt. No. 123).

**So ORDERED and SIGNED this 20th day of July, 2023.**

                                                  RODNEY GILSTRAP  
                                                  UNITED STATES DISTRICT JUDGE