IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NINGDE AMPEREX TECHNOLOGY LIMITED, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO.  2:22-CV-00232-JRG |
| ZHUHAI COSMX BATTERY CO., LTD., | § § § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

I. **INTRODUCTION**

Before the Court is Plaintiff Ningde Amperex Technology Limited's ("ATL") Opposed Motion for Leave to File a Motion for Judgment on the Pleadings (the "Motion" or the "Motion for Leave"). (Dkt. No. 263.)  In the Motion, ATL requests leave to file a Motion for Judgment on the Pleadings as to Defendant Zhuhai CosMX Battery Co. Ltd.'s ("CosMX") Counterclaim Nos. 7, 8, 9, and 11 (the "Motion for Judgment on the Pleadings"). (*Id.* at 1.) CosMX filed a response and ATL filed a reply. (*See* Dkt. Nos. 282, 291.)

Even though CosMX has not filed a sur-reply, the Court finds that the Motion is ripe. L.R. CV-7(f) ("The court need not wait for the reply or the sur-reply before ruling on the motion.").

Having considered the Motion, the relevant briefing, and the applicable law, the Court finds that the Motion should be **DENIED** for the following reasons.

II. **BACKGROUND**

ATL brought this suit for patent infringement on June 24, 2022. (Dkt. No. 1.) CosMX counterclaimed in its First Amended Answer on November 4, 2022, asserting that ATL is liable for various antitrust violations. (Dkt. No. 41.) ATL then moved to dismiss Counterclaims Nine to

Thirteen from the First Amended Answer. (Dkt. No. 63.) According, to ATL, the *Noerr-Pennington* doctrine barred these counterclaims and CosMX had "fail[ed] to adequately plead either prong of the exception" to the *Noerr-Pennington* doctrine. (Dkt. No. 63 at 8.) The Court largely denied this motion on July 20, 2023. (*See* Dkt. No. 129.) In so doing, the Court reasoned that "*Noerr-Pennington* is an affirmative defense and thus inappropriate grounds for 12(b)(6) dismissal." (*Id.* at 5.) Instead, a "request to resolve the applicability of *Noerr-Pennington* is more appropriately brought as a motion pursuant to Federal Rule of Civil Procedure 12(c) or as a Rule 56 motion for summary judgment." (*Id.*)

The operative counterclaims come from the Third Amended Answer. (Dkt. No. 129.) ATL's Motion for Judgment on the Pleadings seeks judgment on certain of CosMX's antitrust counterclaims because they are allegedly barred by the *Noerr-Pennington* doctrine, and because CosMX does not plead that exceptions to the *Noerr-Pennington* doctrine apply. (*See* Dkt. No. 264 at 6–7.)

The relevant Docket Control Order provides that after October 30, 2023, "[n]o dispositive motions may be filed … without leave of the Court." (Dkt. No. 164 at 3.) The Motion for Judgment on the Pleadings is a dispositive motion, filed on December 11, 2023, so this Motion for Leave is required.

**III.   LEGAL STANDARD**

"[A] Rule 12(c) motion may be brought after the dispositive motions deadline if the moving party complies with the requirements of Rule 16(b) and if it will not delay trial." *Argo v. Woods*, 399 F. App'x. 1, 3 (5th Cir. 2010) (quoting *Riggins v. Walter*, 279 F.3d 422, 427–28 (7th Cir. 1995)). Additionally, "[a] party seeking an after-the-fact extension bears a heavier burden of demonstrating both 'good cause' and 'excusable neglect.'" *Graham v. HRchitect, Inc.*, No. 4:16-CV-743, 2017 WL 3216609, at *1 (E.D. Tex. July 28, 2017).

Courts typically evaluate four factors when evaluating excusable neglect: "(1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the movant's reasonable control; and (4) whether the movant acted in good faith." *Id.*

Courts additionally evaluate four factors when evaluating good cause under Rule 16(b). *See S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003). However, as detailed below, the Court finds that ATL has not established that its delay was excusable so the Court does not reach the good cause analysis.

IV.   **ANALYSIS**

   1. **Reason for the Delay**

ATL argues that it delayed bringing this Motion because there was no basis to grant the Motion for Judgment on the Pleadings until CosMX made key concessions in its response to ATL's motion for summary judgment, after the dispositive motion deadline. (Dkt. No. 263 at 1.) Specifically, CosMX conceded that it only seeks antitrust damages arising from ATL's assertion of eight Chinese patents in China. (*Id.* (citing Dkt. No. 235 at 28 ("CosMX is not seeking damages based on ATL's pursuit of patent litigation in the U.S. or arguing that this litigation is baseless.")).) This concession is key, ATL contends, because it means that this theory, and thus CosMX's antitrust counterclaims is barred the *Noerr-Pennington* doctrine unless CosMX alleges in the first instance that ATL's Chinese patent assertions were "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits." (*Id.* at 2 (quoting *Bryant v. Mil. Dep't of Mississippi*, 597 F.3d 678, 690 (5th Cir. 2010) (discussing *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 (1993))).)

In response, CosMX does not dispute that it only seeks antitrust damages arising from ATL's assertion of eight patents in China, and instead argues that CosMX made this position clear

3

long before it asserted as much in summary judgment briefing such that ATL could have brought the Motion for Judgment on the Pleadings long ago. (*See* Dkt. No. 282 at 7–9.) Specifically, CosMX alleges that ATL was made aware of this theory prior to the September 18, 2023 close of fact discovery when it advanced "the Chinese infringement letter as a basis for its antitrust claims." (*Id.* at 8.) CosMX also argues that any delay is caused by ATL's own stonewalling of discovery. (*Id.* at 9.) According to CosMX, ATL did not participate in discovery relevant to CosMX's antitrust counterclaims until ATL's motion to dismiss those antitrust counterclaims had been denied. (*Id.*) CosMX also argues that it was ATL's burden to assert the *Noerr-Pennington* defense, which it failed to do in its answer and at summary judgment. (*Id.* at 10.)

In reply, ATL again argues that it could not have brought the 12(c) motion until CosMX made crucial admissions in summary judgment briefs filed after the dispositive motion deadline. (Dkt. No. 391 at 2.) ATL again notes that CosMX allegedly confirmed that the only anticompetitive act for which it seeks damages is solely ATL's Chinese patent assertions in briefing submitted after the dispositive motion deadline. (*Id.* at 1 (citing Dkt. No. 235 at 8, n.1 ("CosMX bases its antitrust damages claims here only on the threatened Chinese infringement claims, which delayed the IPO.")).) ATL also concedes that CosMX updated its interrogatory responses to disclose the theory to ATL on the last day of discovery—September 18, 2023. (*Id.* at 3.) Nonetheless, ATL claims that these responses did not provide it with proper notice because (1) CosMX had previously affirmatively disavowed the theory that the Chinese patent assertions were anticompetitive acts and (2) CosMX did not contend that these patent assertions harmed competition (as opposed to just CosMX itself). (*Id.* at 2–3.)

The Court finds that ATL's delay is without justification since CosMX disclosed its belief on September 18, 2023 that the assertion of Chinese patents caused anti-competitive harm. This

disclosure is made clear in a supplemental response to ATL's Interrogatory No. 22. This Interrogatory asked CosMX to:

> Describe the complete factual bases for any allegation that ATL's allegedly anticompetitive acts have caused harm to CosMX, including (1) where and in what market(s) the alleged harm took place, (2) when the alleged harm took place, (3) on what bases the alleged harm is attributable to ATL's actions, and (4) an identification of all documents in support of Your allegations.

(Dkt. No. 282-2 at 20.) In its supplemental response, CosMX stated:

> ATL's anticompetitive acts have caused both actual and threatened harm to CosMX in the markets for lithium-ion batteries used in smartphones and lithium-ion batteries used in laptops, as well as the associated innovation labor market for hiring highly-skilled specialized employees who drive innovation in the markets for development of lithium-ion batteries used in smartphones and laptops. Over the course of several meetings between approximately June 30, 2021 to September 10, 2021, ATL on multiple occasions solicited a per se illegal, one-way, no-poach agreement from CosMX, pursuant to which ATL demanded that CosMX agree not to hire ATL employees. In an effort to coerce and pressure CosMX to agree to the one-way, no poach agreement, ATL initiated patent litigation threats in China, and demanded unreasonably high royalty rates in exchange for a license of ATL's patents. ATL made these threats, and ultimately pursued multiple actions in China, even though the claims were baseless, and many were subsequently invalidated. These threats were timed to occur just days after the stock exchange had announced that the Initial Public Offering CosMX was pursuing would be approved, forcing CosMX to make disclosures to the regulatory authorities that delayed the final listing on the stock exchange. As a result of ATL's anti-competitive conduct that included its patent litigation scheme and solicitation of a one-way no-poach agreement, CosMX has suffered harm by (1) incurring legal fees defending against ATL's patent claims in China; (2) the delay of its IPO, which caused CosMX to raise less funds than it would have raised had the IPO occurred on a normal approval schedule; (3) a loss of potential customers, such as business from Samsung Electronics Co., Ltd.; and (4) a reluctance to hire ATL employees while its IPO was pending for fear of actions by ATL attempting to further undermine and impede its IPO.

(*Id.* at 23–24.) CosMX disclosed that it believed "ATL's anti-competitive conduct … included its patent litigation scheme." (*Id.*) Moreover, the "patent litigation scheme" ATL is referring to here is the "patent litigation threats in China" and CosMX's "pursu[it] [of] multiple actions in China even though the claims were baseless and many were subsequently invalidated." (*Id.*) Logically,

5

the patent litigation scheme in China is clearly referring to the assertion of Chinese patents. Also, CosMX disclosed its belief it "suffered harm" as a result of this "anti-competitive conduct." (*Id.*) Contrary to ATL's assertions, CosMX indeed did disclose that it believed ATL's assertion of Chinese patents caused it anticompetitive harm.

ATL next argues that CosMX had previously conceded that it was not relying on CosMX's assertion of Chinese patents to show anticompetitive harm. (Dkt. No. 291 at 1.) The Court is unpersuaded. As support for this, ATL points to the Court's Order on ATL's Motion to Dismiss. (*Id.*) There, the Court stated:

> ATL argues that to maintain Counterclaim Count Nine, CosMX must allege that ATL's patent assertions are "objectively baseless," but CosMX never accuses ATL of such. (Dkt. No. 63 at 13.) CosMX responds that it is not alleging that ATL's patent infringement suit itself meets the *Noerr-Pennington* test, but rather that ATL's solicitation of a no-poach agreement is the anticompetitive act. (Dkt. No. 72 at 15.)

(Dkt. No. 129 at 6.) At most, CosMX concedes that it did not allege in its answer that the assertion of the Chinese patents was an anticompetitive act. It does not show that CosMX disclaimed reliance on these acts to prove anticompetitive harm in all scenarios. More fundamentally, this does not negate the notice that CosMX gave in its supplemental interrogatory response. As discussed above, the supplemental interrogatory response gave ATL fair notice of CosMX's theories. At that point, ATL should have moved to strike the response, if ATL believed that CosMX had disclaimed reliance on the assertion of the Chinese patents to show anticompetitive harm. It did not.

Finally, the Court turns to ATL's argument that "[u]ntil CosMX made those critical admissions, a Rule 12(c) motion was not possible." (Dkt. No. 291 at 2.) ATL notes that "a Court

may grant judgment on the pleadings based on the pleadings themselves, as well as judicially-noticeable facts, including judicial admissions." (*Id.*)

The Court is not persuaded that any concession made by CosMX in the summary judgment briefing were the sole means of opening the door to a 12(c) motion. ATL could have brought a motion for partial judgment on the pleadings as to this theory at any point after it became aware of it. *See, e.g., Williamson v. Brady*, No. 6:19-CV-00324-JCB-KNM, 2021 WL 2491800 (E.D. Tex. May 28, 2021), *report and recommendation adopted*, No. 6:19-CV-00324, 2021 WL 2482552 (E.D. Tex. June 17, 2021) (analyzing "Motion for Partial Judgment on the Pleadings"). As discussed above, ATL became aware of CosMX's theory that the assertion of Chinese patents caused anticompetitive harm on September 18, 2023. CosMX did not need to disclaim another theory to make it possible for ATL to move for partial judgment on the pleadings as to this theory. Accordingly, the Court finds that ATL's explanation for its delay is insufficient.

2. **Prejudice to the Non-Movant if Leave is Granted**

ATL argues that "[n]o prejudice will result from allowing ATL to file a Rule 12(c) motion" because "CosMX had every opportunity prior to the dispositive motion deadline to allege that ATL's Chinese patent assertions were baseless, but it chose not to and instead waited until its summary judgment briefing." (Dkt. No. 263 at 2.) In response, CosMX argues that it is ATL's burden to assert the *Noerr-Pennington* defense, which it failed to do in its answer and at summary judgment. (Dkt. No. 282 at 10.) CosMX also argues that "ATL that had every opportunity to file a dispositive motion before this Court's deadline, and ATL that is asking for a second bite at the apple" and that "ATL's eleventh-hour motion would force CosMX to prepare for trial without knowing which of its claims would be tried." (*Id.*) In reply, ATL argues that it has not waived its *Noerr-Pennington* defense. (Dkt. No. 291 at 4 (citing *Bayou Fleet, Inc. v. Alexander*, 234 F.3d 852, 860–61 (5th Cir. 2000).)

The Court finds that non-movant CosMX would be minimally prejudiced if leave is granted. As an initial matter, ATL has not waived its *Noerr-Pennington* defense even though it was not plead. In *Bayou Fleet*, the Fifth Circuit held that defendant had not waived the same defense even though it was unpled where defendant raised it in a motion for summary judgment and again in a pretrial order. 234 F.3d at 860–61. In holding that the affirmative defense was not waived, the Fifth Circuit reasoned that "[defendant] knew *Noerr-Pennington* was a potential issue throughout most of the discovery process, we find no evidence that Bayou Fleet was prejudiced."

So too here, CosMX knew that *Noerr-Pennington* was a potential issue throughout most of the discovery process. Discovery opened on December 2, 2022 with the entry of the Discovery Order. (*See* Dkt. No. 55.) Twenty-five days later, on December 27, 2022, ATL first asserted the *Noerr-Pennington* defense in a motion to dismiss some of CosMX's counterclaims. (Dkt. No. 63 at 12.) Discovery closed on September 18, 2023. (Dkt. No. 164 at 3.) Thus, CosMX knew that *Noerr-Pennington* was a potential issue throughout most of discovery. Indeed, CosMX's own discovery response belies any suggestion to the contrary. In the same Interrogatory response cited above, CosMX made allegation directed to rebutting the *Noerr-Pennington* defense: "ATL made these threats, and ultimately pursued multiple actions in China, **even though the claims were baseless**." (Dkt. No. 282-2 at 23–24.) The *Noerr-Pennington* defense does not apply if a two-prong test is met, one prong of which requires a showing that the litigation is "objectively baseless." *See Bryant v. Mil. Dep't of Mississippi*, 597 F.3d 678, 690 (5th Cir. 2010).

Even though this defense has not been waived, the Court finds that CosMX would be prejudiced minimally if the Motion were granted. There is some amount of prejudice inherent in allowing a party to file a motion late in the case, as here.

8

### 3. Length of Delay and Potential Impact on Judicial Proceedings

Neither party directly addresses the length of delay. Regarding the impact on judicial proceedings, CosMX argues that granting the motion for leave would "upend the apple cart" because briefing would not be complete before trial. (Dkt. No. 282 at 7.) CosMX argues that if this Motion were granted on the day the sur-reply is scheduled to be filed, the full round of briefing on the Motion for Judgment on the Pleadings would not be complete until February 6, 2024, the day after trial is scheduled to begin. (*Id.*) ATL argues that it would forego a reply brief to ensure briefing would finish before trial. (Dkt. No. 291 at 3–4.)

The Court finds that there would be minimal impact on the judicial proceedings. CosMX has foregone a reply brief so the only missing brief is ATL's response to the Motion for Judgment on the Pleadings. The Court could order that this brief be due on an expedited basis and take up argument at the pretrial conference with the other dispositive motions.

However, the Court finds that this factor weighs against a finding of excusable neglect because of the length of delay. As discussed above, ATL was put on notice of the theory it now complains of on September 18, 2023. The deadline to file dispositive motions was October 30, 2023. This Motion was filed on December 11, 2023. There is no reason why this Motion was filed over forty days after the deadline when ATL was on notice nearly three entire months earlier.

### 4. Whether the Movant Acted in Good Faith.

CosMX argues that ATL's "decision to move now for leave is not in good faith, but merely an attempt to correct its failure to plead *Noerr-Pennington* as an affirmative defense." (Dkt. No. 282 at 10.) ATL argues that its delay was justified, and thus its bringing of this Motion was in good faith. (Dkt. No. 291 at 4.) The Court is not persuaded, and does not find, that ATL acted in bad faith when moving for leave.

### 5. Summary

ATL was on notice of the theory it now complains of on September 18, 2023. There is no justification for its 41-day delay in bringing this dispositive motion. This length of delay is particularly persuasive given the amount of time ATL was on notice. Finally, this delay is prejudicial to CosMX even if minimally. For these reasons, the Court's finds that ATL's delayed conduct is not excused.

## V. CONCLUSION

For the foregoing reasons, the Court finds that the Motion (Dkt. No. 291) should be and hereby is **DENIED**. Additionally, and for this reason, the Court **ORDERS** that the Motion for Judgment on the Pleadings as to Counterclaim Nos. 7, 8, 9, and 11 (Dkt. No. 264) be **struck** from the docket.

**So ORDERED and SIGNED this 8th day of January, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE