# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **Ningde Amperex Technology Limited,**<br><br>Plaintiff;<br><br>v.<br><br>**Zhuhai CosMX Battery Co., Ltd.,**<br><br>Defendant. | Case No. 2:22-cv-00232-JRG |

**DEFENDANT ZHUHAI COSMX BATTERY CO. LTD.'S BRIEF ON WHETHER <u>UNFAIR COMPETITION CLAIM CAN BE TRIED TO JURY</u>**

This Court may and should submit CosMX's unfair competition claim to the jury, given the substantial factual overlaps supporting CosMX's UCL and antitrust claims. *See* FED. R. CIV. P. 39(c) ("In an action not triable of right by a jury, the court, on motion or on its own: (1) may try any issue with an advisory jury"). Doing so would ensure that all issues are properly presented to the jury, safeguarding the jury's factual findings and allowing this Court to benefit from an already-empaneled jury.

1. **The Federal Rules authorize the Court to empanel an advisory jury.**

California's UCL does not require a jury, but the Court's authority to submit the issue to the jury is clear. Under Federal Rule of Civil Procedure 39(c), courts have discretion to decide whether to submit questions to the jury when there is no jury right. *Springer v. Rodriguez*, 2019 WL4417805 (S.D. Tex. Aug. 20, 2019) (describing trial court's "complete discretion" to determine whether to use an advisory jury as "abundantly clear" in the case law); *see also* 9 C. Wright & A. Miller, Federal Practice and Procedure §2335 (3d ed. 2019). A court may ask an empaneled jury to issue findings of fact to be relied on by the judge. *See Innovation Ventures, LLC v. NVE, Inc.*, No. 08-11867, 2016 WL 266396, at *8 (E.D. Mich. Jan. 21, 2016) (submitting equitable remedy of disgorgement and defense of unclean hands to jury in advisory capacity in trademark action).

The use of an advisory jury is often a helpful way to proceed because, while courts may disregard the verdict of a jury acting in an advisory capacity, they are not allowed to contravene the jury's findings of fact made in connection with claims tried to the jury as of right. *Homebuilders Ass'n of Mississippi, Inc. v. City of Brandon*, 640 F.Supp.2d 835, 840 (S.D. Miss. 2009) ("[B]ecause the damages claim in this case is based on the same facts as the equitable claims…the Court is bound by the jury's factual determinations when considering the equitable claims.") (collecting cases); *see also Gandy Nursery, Inv. v. United States*, 318 F.3d 631, 635 (5th Cir. 2003)

(finding trial court appropriately amended damages award but was bound by jury's previous factual findings on refund and abatement issues where jury heard damages claims in an advisory capacity). In other words, because a court's resolution of equitable claims must be consistent with the jury's factual findings, an advisory jury is often an efficient and effective procedure to adopt.

Indeed, courts have frequently submitted UCL questions to advisory juries where those claims share a common factual predicate with a legal claim already being presented to a jury. *See, e.g., Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 147 (2006); *In re Neurontin Mktg. & Sales Practices Litig.*, No. 04-CV-10739-PBS, 2011 WL 3852254, at *46 (D. Mass. Aug. 31, 2011), *aff'd*, 712 F.3d 21 (1st Cir. 2013); *Bagdasaryan v. Bayview Loan Servicing, LLC*, No. CV 14-06691-SJO, 2017 WL 6540919, at *1 (C.D. Cal. Aug. 25, 2017); *Mophie, Inc. v. Shah*, No. SACV-13-1321-DMG, 2015 WL 12683786, at *1 (C.D. Cal. Feb. 9, 2015). In the interests of efficiency and consistency, this Court should do the same here.

**2.     CosMX's UCL claim is particularly well-suited for jury consideration in this case.**

There are particularly compelling reasons to obtain the jury's findings on CosMX's UCL claims.

*First*, the factual predicate for CosMX's antitrust allegations (which are undisputedly subject to jury trial as of right) substantially overlap with the factual predicate for the UCL claim. The UCL incorporates, but is not limited to, practices that are violations of federal antitrust law. By definition, those claims will have overlapping and necessary findings of fact, which makes this case an ideal candidate for the jury to also sit in an advisory capacity. *Peele v. N.Y.C. Dep't of Soc. Servs./Human Res. Admin.*, No. 92 Civ. 3765(SWK)(LB), 1995 WL 110085, at *5 (S.D.N.Y. Mar. 14, 1995) (empaneling an advisory jury because "a jury will already be empaneled to hear" another claim with "overlapping" facts).

*Second*, because fact issues substantially overlap, the jury would not be burdened with additional work beyond what it is already considering. The UCL and antitrust claims are so intertwined that the jury would not hear or see evidence other than what would have been presented anyway. There is no additional expense and no delay that would result from having the jury make findings on the UCL claim. *See Bozeman v. Sloss Indus. Corp.*, 138 F.R.D. 590, 592 (N.D. Ala. 1991) (the advisory "jury device may actually contribute to judicial economy rather than to subtract from it"); *Seven Seas Petroleum, Inc. v. CIBC World Markets Corp.*, No. CIV.A. 4:08-3048, 2012 WL 175415, at *4 (S.D. Tex. Jan. 20, 2012) (declining to empanel an advisory jury because it would "impose additional expense and delay on the trial").

*Third*, using the jury in an advisory capacity will likely aid the Court in rendering its verdict for the UCL claims. In a case involving both jury and non-jury claims, the law requires that the court's factual findings on non-jury issues to be consistent with the jury's findings on common issues. *Kairys v. S. Pines Trucking, Inc.*, 75 F.4th 153, 161 (3d Cir. 2023) (finding that courts "must follow the jury's implicit or explicit factual determinations in deciding the equitable claims" in a suit with both equitable and legal claims). Thus, in this case, any findings by the Court on the UCL claim must be consistent with factual findings on similar issues made by the jury on the antitrust claims.

In CosMX's view, therefore, asking the jury to render an advisory verdict on UCL liability would safeguard the jury's factual findings, assist the Court in making its factual findings on this claim, and help the Court avoid any risk of contradicting implicit facts in issuing its judgment. *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 613 F. Supp. 3d 1190, 1207 (N.D. Cal. 2020) (finding that plaintiffs' UCL claim was established based on violations of different state laws "based on the jury's explicit and implicit findings"), *aff'd in part, vacated and rev'd in part*

- 4 -

on diff. grounds, *Planned Parenthood Fed'n of Am., Inc. v. Newman*, 51 F.4th 1125 (9th Cir. 2022); *see also Allen v. Hylands*, 773 F.App'x 870, 874 (9th Cir. 2019) (affirming District Court's deceptive advertising verdict based on jury's "implicit factual findings," because the claim was proven on the same facts as the party's legal claim).

Because the evidentiary and factual issues overlap, consistency and efficiency warrant the Court submitting CosMX's UCL claim to the jury.

| | |
|---|---|
| Dated: January 30, 2024 | Respectfully submitted, |
| Gerald F. Ivey (admitted pro hac vice)<br>James R. Barney (admitted pro hac vice)<br>Qingyu Yin (admitted pro hac vice)<br>Jeffrey C. Totten (admitted pro hac vice)<br>Lauren J. Robinson (admitted pro hac vice)<br>Daniel F. Klodowski (admitted pro hac vice)<br>Deena Kablaoui Lanier (admitted pro hac vice)<br>FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP<br>901 New York Avenue, NW<br>Washington, DC 20001-4413<br>Tel: 202-408-4213<br>Fax: 202-408-4400 | By: */s/ Eric H. Findlay*<br>Eric Hugh Findlay<br>Texas Bar No. 00789886<br>FINDLAY CRAFT PC<br>7270 Crosswater Avenue<br>Suite B<br>Tyler, TX 75703<br>Tel: 903-534-1100<br>Fax: 903-534-1137<br><br>Charles B. Walker, Jr.<br>Texas Bar No. 00794808<br>Layne E. Kruse<br>Texas Bar No. 11742550 |
| Yanyi Liu (admitted pro hac vice)<br>FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP<br>Stanford Research Park<br>3300 Hillview Avenue, 2nd Floor<br>Palo Alto, CA 94304-1203<br>Tel: 650-849-6626<br>Fax: 650-849-6666 | Darryl W. Anderson<br>Texas Bar No. 24008694<br>Dewey J. Gonsoulin III<br>Texas Bar No. 24131337<br>NORTON ROSE FULBRIGHT US LLP<br>Fulbright Tower<br>1301 McKinney St, Suite 5100<br>Houston, TX 77010-3095<br>Telephone: (713)-651-5151<br>Facsimile: (713)-651-5246 |
| Michael E. Kudravetz (admitted pro hac vice)<br>FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP<br>Two Seaport Lane, 6th Floor<br>Boston, MA 02210<br>Tel: 617-646-1663<br>Fax: 617-646-1666 | Eric C. Green<br>Texas Bar No. 24069824<br>Valerie K. Barker<br>Texas Bar No. 24087141<br>NORTON ROSE FULBRIGHT US LLP<br>98 San Jacinto Boulevard, Suite 1100<br>Austin, Texas 78701-4255<br>Tel: 512-536-3073<br>Fax: 512-536-4598 |
| | *Counsel for Zhuhai CosMX Battery Co., Ltd.* |

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Plaintiff/Counter-Defendant's counsel of record was served with a true and correct copy of the foregoing document via the Court's CM/ECF system on January 30, 2024.

/s/ *Eric H. Findlay*
Eric H. Findlay