IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NINGDE AMPEREX TECHNOLOGY LIMITED, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:22-CV-00232-JRG |
| ZHUHAI COSMX BATTERY CO., LTD., | § § § | |
| *Defendant*. | § § | |

### MEMORANDUM OPINION AND ORDER

The Court issues this Order *sua sponte*. The parties dispute whether CosMX's California Unfair Competition Law ("UCL") claim can and should be tried to the jury in the upcoming trial in this case. (Dkt. No. 290-9 at 30; Dkt. No. 306-3 at 73.) ATL contends that UCL claims cannot be tried to a jury as a matter of law. (Dkt. No. 290-9 at 30.) CosMX contends that "significant overlap" in factual disputes in the federal and state antitrust counterclaims makes it appropriate and efficient to submit the UCL counterclaim to the jury. (*Id*.) The Court previously ordered the parties to file supplemental briefs on this issue. (Dkt. No. 322.) Having considered the parties' arguments, the Court is of the opinion that the UCL claims should not be presented to the jury in the upcoming trial (even in the form an advisory capacity) but instead should be taken up by the Court with the other equitable issues in this case in the form of a bench trial, after a verdict is returned herein.

ATL argues that the California Supreme Court has indicated that UCL claims must be tried to a court, not to a jury. (Dkt. No. 329 at 1.) In this regard, the California Supreme Court has recently noted, "[o]ver the more than 80-year history of the UCL, scores of decisions of both this court and the Courts of Appeal have uniformly recognized that the cause of action established by

this statute is equitable in nature." *Nationwide Biweekly Admin., Inc. v. Sup. Ct. of Alameda Cnty.*, 9 Cal. 5th 279, 301 (2020). The California Supreme Court has elaborated that in a competitor-against-competitor case such as this, the test for a UCL violation is whether a competitor's unfair act "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 302 (1999). As such, the "standard is one that may reasonably be applied only by a court. This standard is too indeterminate to be adequately conveyed by jury instructions or applied by a jury." *Nationwide Biweekly*, 9 Cal. 5th at 302-03. ATL also notes that there are no model jury instructions for a UCL claim, and it notes that CosMX is forced to cite to Rule 12 dispositive motions or bench trial decisions for its recitation of the law in its proposed jury instructions. (Dkt. No. 329 at 2.)

CosMX does not deny any of these arguments. Instead, CosMX notes that Federal Rule of Civil Procedure 39(c) grants this Court discretion to empanel an advisory jury, even when there is no right to trial by jury. (Dkt. No. 330 at 1) (citing *Springer v. Rodriguez*, 2019 WL4417805 (S.D. Tex. Aug. 20, 2019); 9 C. Wright & A. Miller, Federal Practice and Procedure §2335 (3d ed. 2019)). CosMX contends that empaneling an advisory jury would be beneficial for ensuring consistency between a court's resolution of equitable claims and the jury's factual findings. (*Id.*) CosMX also cites a number of cases where UCL questions have been submitted to advisory juries where those claims share a common factual predicate with a legal claim already being presented to a jury. (*Id.* at 2) (citing *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 147 (2006); *In re Neurontin Mktg. & Sales Practices Litig.*, No. 04-CV-10739-PBS, 2011 WL 3852254, at *46 (D. Mass. Aug. 31, 2011), *aff'd*, 712 F.3d 21 (1st Cir. 2013); *Bagdasaryan v. Bayview Loan Servicing, LLC*, No. CV 14-06691-SJO, 2017 WL 6540919, at *1 (C.D. Cal. Aug.

2

25, 2017); *Mophie, Inc. v. Shah*, No. SACV-13-1321-DMG, 2015 WL 12683786, at *1 (C.D. Cal. Feb. 9, 2015)).

CosMX argues that the UCL claim in this case is particularly well-suited for jury consideration. First, it argues that the factual predicate for its UCL claim is the same for CosMX's federal antitrust counterclaim.[1] (Dkt. No. 330 at 2.) Second, it argues that due to the substantial factual overlap, the jury would not be burdened with additional work. (*Id.* at 3.) Third, CosMX argues that an advisory jury would aid the Court in rendering its verdict for the UCL claims. (*Id.*) Specifically, CosMX notes that the law requires the Court's factual findings on non-jury issues to be consistent with the jury's findings on common issues, and CosMX argues that an advisory verdict on UCL liability would safeguard the jury's factual findings of fact on the federal antitrust counterclaim and assist the Court in avoiding contradictions between the findings. (*Id.*)

ATL argues that an advisory verdict on the UCL claim would not be appropriate under Rule 39. (Dkt. No 329 at 3.) Specifically, ATL contends that an advisory jury would ignore the guidance from the California Supreme Court. (*Id.*) (citing *Nationwide Biweekly*, 9 Cal. 5th at 302-03). ATL also notes that cases where UCL claims were submitted to an advisory jury all predate the California Supreme Court's instruction in *Nationwide Biweekly*.[2] (*Id.*) ATL further argues that if the jury determines that CosMX's counterclaims are barred under the *Noerr-Pennington* doctrine, then neither the jury nor the Court would need to decide liability for the UCL claim. (*Id.*) ATL argues that it could save judicial resources to wait until post-trial proceedings to decide this

---

[1] Counsel has represented to the Court that Counterclaim 8 has been dropped from the case, leaving Counterclaim 7 as the only federal antitrust counterclaim.
[2] ATL notes that after a search it could only find one case where a UCL claim was submitted to a jury, whereas CosMX cites five. (Dkt. No. 329 at 3; Dkt. No. 330 at 2.) The Court notes that ATL's argument—that such cases predate *Nationwide Biweekly*—holds true for all five cases cited by CosMX.

3

issue because the jury might find that ATL has a proper defense, rendering the issue on liability moot.[3]

The Court agrees with ATL that an advisory jury verdict is not warranted on this issue in this case. Federal Rule of Civil Procedure 39 states that a court "may" try an issue with an advisory jury. CosMX recognizes that courts have discretion to decide whether to submit questions to the jury when there is no jury right. (*See* Dkt. No. 330 at 1.) The UCL claim is equitable in nature, and the California Supreme Court has held that UCL claims are properly tried before a court, not a jury. CosMX does not dispute that there is no right to a trial by jury on its UCL claim.

However, the California Supreme Court in *Nationwide Biweekly* went beyond simply stating that these are equitable claims whose proper final resolution rests in the hands of the Court. Rather, it affirmatively noted that because these claims inherently involve an interpretation of the spirit of the law, the standard is so indeterminate that the jury should undertake this issue. *Nationwide Biweekly*, 9 Cal. 5th at 302-03. The Court will not ignore the specific guidance of the California Supreme Court on this issue of California law. The Court finds in this case it is more appropriate to follow the guidance of the California Supreme Court in *Nationwide Biweekly* and not submit the UCL claim to the jury.

Accordingly, the Court declines CosMX invitation to try this issue to an advisory jury. It is therefore **ORDERED** that the UCL counterclaim, and instructions on the law of the same, shall not be presented to the jury in this case, but instead shall be argued in post-trial proceedings along with the other equitable issues in this case to the Court.

---

[3] ATL also argues that CosMX "has no claim to restitution as a matter of law," which it contends is an independent reason for not using an advisory jury. (Dkt. No. 329 at 4.) Such is, in effect, a *de facto* argument on the merits of the counterclaim. It is inappropriate at this juncture, and the Court need not consider it.

**So ORDERED and SIGNED this 31st day of January, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE