# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NINGDE AMPEREX TECHNOLOGY LIMITED, § § §  *Plaintiff*, § § v. § § ZHUHAI COSMX BATTERY CO., LTD., § § *Defendant*. § | CIVIL ACTION NO.  2:22-CV-00232-JRG |

## FINAL JUDGMENT

A jury trial commenced in this case on February 1, 2024.  On February 9, 2024, the jury returned a unanimous verdict (Dkt. No. 345) finding that Defendant Zhuhai CosMX Battery Co. Ltd. ("CosMX") infringed one or more claims asserted by Plaintiff Ningde Amperex Technology Limited ("ATL"), such claims being claims 1 and 17 of U.S. Patent No. 10,964,987 (the "'987 Patent"), claim 1 of U.S. Patent No. 10,833,363 (the "'363 Patent"), and claim 1 of U.S. Patent No. 11,329,352 (the "'352 Patent") (collectively, the "Asserted Claims"); that such infringement was willful; that claims 1 and 17 of the '987 Patent were not invalid; that claim 1 of the '363 Patent was invalid; that claim 1 of the '352 Patent was invalid; that ATL should recover from CosMX $3,701,108.00 for such infringement through the date of trial; that CosMX did not prove that ATL's threat of Chinese patent litigation in ATL's June 21, 2021 letter was both objectively baseless and an attempt to interfere directly with the business relationships of one or more competitors through the use of the litigation process; and that CosMX did not prove that ATL had engaged in anticompetitive conduct in a relevant market.

On April 11, 2024, ATL and CosMX filed a Joint Notice on Equitable Issues (Dkt. No. 368), stipulating the following regarding their equitable disputes that were to be tried before the Court at a bench trial:

1. CosMX has brought a counterclaim under the California Unfair Competition Law (UCL) Dkt. 123 at 34 (Count Nine), which the Court has determined is an equitable claim to be tried to the Court, not the jury. Dkt. No. 303. As a result of the jury verdict in this case, the Parties agree that the UCL claim is moot, and the Court may enter judgment in favor of ATL as to that claim.

2. CosMX's affirmative defenses of "unclean hands" and "patent misuse" (Dkt. 123 at 9, Seventh Affirmative Defense) can be considered to have been withdrawn.

3. In addition to CosMX's equitable claims and defenses discussed above, ATL has already sought or will be seeking equitable relief, including its requests for enhanced damages and ongoing royalties. The parties agree these issues can be resolved by motion practice.

4. The parties reserve their right to appeal the judgment or to preserve the judgment based on evidence in the record.

(Dkt. No. 365.) Subject to these stipulations, the Parties agreed that a bench trial, to be held after the return of the jury's verdict herein, is not necessary on the equitable issues in this case, and the Court should proceed to enter a Final Judgment in the case based on the jury's verdict. (*Id.*)

Pursuant to Rule 58 of the Federal Rules of Civil Procedure and in accordance with the jury's unanimous verdict, the Court hereby **ORDERS** and **ENTERS JUDGMENT** as follows:

1. CosMX has infringed one or more of the Asserted Claims;

2. CosMX has willfully infringed one or more of the Asserted Claims;

3. Claim 1 of the '363 Patent is invalid;

4. Claim 1 of the '352 Patent is invalid;

5. ATL is hereby awarded compensatory damages for such infringement from and against CosMX, and ATL shall accordingly have and recover from CosMX the sum of $3,701,108.00 U.S. Dollars;

6. ATL's threat of Chinese patent litigation was not both objectively baseless and an attempt to interfere directly with the business relationships of one or more competitors through the use of the litigation process, and accordingly, ATL is not liable for violateing the Sherman Act or the UCL (Cal. Bus. & Prof. Code § 17200);

7. ATL did not engage in anticompetitive conduct in a relevant market;

8. Pursuant to Federal Rule of Civil Procedure 54(d), Local Rule CV-54, and 28 U.S.C. § 1920, ATL is the prevailing party in this case and shall recover its costs from CosMX, and ATL is directed to file its proposed Bill of Costs;

9. Considering the jury's finding of willfulness, and the Court having considered the totality of the circumstances together with the added material benefit of having presided throughout the jury trial and having seen both the same evidence and heard the same arguments as the jury, concludes that enhancement of the compensatory award herein is warranted under 35 U.S.C. § 284. Consequently, the Court enhances the damages award in the amount of $1,000,000.00. ATL shall therefore have and recover from CosMX the additional sum, over and above the compensatory amount set forth above, the sum of $1,000,000.00 U.S. Dollars;

10. Pursuant to 35 U.S.C. § 284 and Supreme Court guidance that "prejudgment interest should ordinarily be awarded absent some justification for withholding such an award," the Court awards pre-judgment interest applicable to all sums awarded herein,

calculated at the 5-year U.S. Treasury Bill rate, compounded quarterly, from the date of infringement through the date of entry of this Judgment; and

11. Pursuant to 28 U.S.C. § 1961, the Court awards post-judgment interest applicable to all sums awarded herein, at the statutory rate, from the date of entry of this Judgment until paid.

Any request for relief pursuant to 35 U.S.C. § 285 must be filed as a subsequent motion herein within 28 days of this Judgment. Having enhanced damages as set forth above, the Court **DENIES AS MOOT** ATL's Motion for Enhanced Damages (Dkt. No. 364). All other relief requested by either party which is now pending before the Court and not specifically awarded herein is **DENIED**.

**So ORDERED and SIGNED this 26th day of April, 2024.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE