IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NINGDE AMPEREX TECHNOLOGY LIMITED, § § § | |
| *Plaintiff*, § § | |
| v. § | CIVIL ACTION NO. 2:22-CV-00232-JRG |
| ZHUHAI COSMX BATTERY CO., LTD., § § § | |
| *Defendant*. § | |

## AMENDED FINAL JUDGMENT

A jury trial commenced in this case on February 1, 2024. On February 9, 2024, the jury returned a unanimous verdict (Dkt. No. 345) finding that Defendant Zhuhai CosMX Battery Co. Ltd. ("CosMX") infringed one or more claims asserted by Plaintiff Ningde Amperex Technology Limited ("ATL"), such claims being claims 1 and 17 of U.S. Patent No. 10,964,987 (the "'987 Patent"), claim 1 of U.S. Patent No. 10,833,363 (the "'363 Patent"), and claim 1 of U.S. Patent No. 11,329,352 (the "'352 Patent") (collectively, the "Asserted Claims"); that such infringement was willful; that claims 1 and 17 of the '987 Patent were not invalid; that claim 1 of the '363 Patent was invalid; that claim 1 of the '352 Patent was invalid; that ATL should recover from CosMX $3,701,108.00 for such infringement through the date of trial; and that CosMX did not prove that ATL's threat of Chinese patent litigation in ATL's June 21, 2021 letter was both objectively baseless and an attempt to interfere directly with the business relationships of one or more competitors through the use of the litigation process.[1]

---

[1] Based on the Court's granting-in-part of the relief sought in CosMX's JMOL Motion (Dkt. No. 386), reference to the jury's answer to Question 6a has been omitted.

The Court previously entered Final Judgment on April 26, 2024 (Dkt. No. 369.) Subsequently, the parties filed a Joint Post-Trial Motion Regarding Supplemental Damages, requesting that the Court amend the judgment to include an award of supplemental damages and prejudgment interest. (Dkt. No. 387.) The Court subsequently granted the motion. Additionally, CosMX moved without opposition to amend the final judgment to exclude reference to the jury's answering of question 6a on the verdict form. The Court subsequently granted-in-part the motion on these grounds. This Amended Final Judgment is entered to implement the inclusion of supplemental damages and prejudgment interest, and to remove reference to the jury's answering of question 6a on the verdict form. Additionally, the parties resolved ATL's post-trial motion for an ongoing royalty (Dkt. No. 371) pursuant to a stipulation concerning the ongoing royalty and the reporting requirements concerning the same (the "Stipulation"). (Dkt. No. 423.) The Court has adopted the parties' Stipulation and granted the motion for an ongoing royalty by separate order.

Pursuant to Rule 58 of the Federal Rules of Civil Procedure and in accordance with the jury's unanimous verdict, the Court hereby **ORDERS** and **ENTERS JUDGMENT** as follows:

1. CosMX has infringed one or more of the Asserted Claims;
2. CosMX has willfully infringed one or more of the Asserted Claims;
3. Claim 1 of the '363 Patent is invalid;
4. Claim 1 of the '352 Patent is invalid;
5. ATL is hereby awarded compensatory damages for such infringement from and against CosMX, and ATL shall accordingly have and recover from CosMX the sum of $3,701,108.00 U.S. Dollars;
6. ATL's threat of Chinese patent litigation was not both objectively baseless and an attempt to interfere directly with the business relationships of one or more competitors

through the use of the litigation process, and accordingly, ATL is not liable for violating the Sherman Act or the UCL (Cal. Bus. & Prof. Code § 17200);

7. Pursuant to Federal Rule of Civil Procedure 54(d), Local Rule CV-54, and 28 U.S.C. § 1920, ATL is the prevailing party in this case and shall recover its costs from CosMX, and ATL is directed to file its Bill of Costs;

8. Considering the jury's finding of willfulness, and the Court having considered the totality of the circumstances together with the added material benefit of having presided throughout the jury trial and having seen both the same evidence and heard the same arguments as the jury, concludes that enhancement of the compensatory award herein is warranted under 35 U.S.C. § 284. Consequently, the Court enhances the damages award in the amount of $1,000,000.00. ATL shall therefore have and recover from CosMX the additional sum, over and above the compensatory amount set forth above, the sum of $1,000,000.00 U.S. Dollars;

9. ATL is awarded an ongoing forward-looking reasonable royalty from CosMX at the rate of 1% of the agreed "Royalty Base," defined as 39% of worldwide sales of "Existing Models" and "New Models" of the accused products according to the parties' Stipulation; the ongoing royalties accrue on a quarterly basis and are to be reported and due no later than 30 days after the end of each calendar quarter; the award of the ongoing royalty is subject to all other agreements between the parties concerning the ongoing royalty set forth within the parties' Stipulation; and

10. Pursuant to 35 U.S.C. § 284 and Supreme Court guidance that "prejudgment interest should ordinarily be awarded absent some justification for withholding such an award," the Court awards pre-judgment interest applicable to all sums awarded herein; pursuant

to the agreement of the parties, the Court awards $459,127 U.S. Dollars in supplemental damages and prejudgment interest.

11. Pursuant to 28 U.S.C. § 1961, the Court awards post-judgment interest applicable to all sums awarded herein, at the statutory rate, from the date of entry of this Judgment until paid.

12. This Amended Final Judgment shall be and is effective for all purposes as of April 26, 2024, being the date of entry of the original Final Judgment herein.

All other relief requested by either party which is now pending before the Court and not specifically awarded herein is **DENIED**.

**So ORDERED and SIGNED this 3rd day of September, 2024.**

> RODNEY GILSTRAP
> UNITED STATES DISTRICT JUDGE